506 A.2d 415

**COMMONWEALTH of Pennsylvania**

**v.**

**William VERDEKAL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 23, 1986.

Filed March 18, 1986.

Mark Pinnie, Media, for appellant.

Joseph J. Mittleman, Assistant District Attorney, Media, for Commonwealth, appellee.

Before OLSZEWSKI, TAMILIA and KELLY, JJ.

OLSZEWSKI, Judge:

William Verdekal, appellant, was found guilty of robbery and theft by unlawful taking following a jury trial. In his appeal, appellant presents six issues for appellate review:

(1) whether the motion to supress appellant's identification by the victims was properly denied; (2) whether the appellant was placed in double jeopardy when the court declared a mistrial and he was subsequently retried; (3) whether it was error to allow the jury to have certain physical evidence with them during their deliberations; (4) whether the evidence was sufficient to support the conviction and was the verdict contrary to the evidence; (5) whether there was sufficient probable cause to arrest the appellant; and (6) whether appellant was afforded effective assistance of counsel.

On March 28, 1983, at approximately 12:55 p.m., a gunman robbed Koban's Beverage, Inc., in Glenolden, Delaware County. The gunman, brandishing a .38 caliber snub-nosed revolver, was described by the store owner and his manager as a white male in his early thirties wearing a brown knit cap; brown pants; oxford shoes; a white handkerchief, tied in a knot so as to form a mask; and a distinctive brown tweed sweater. Three witnesses told police investigators that at approximately 1:00 p.m. that day, they saw a white Mercedes-Benz truck stopped adjacent to Koban's Beverages. An occupant of the truck exited the vehicle and walked in the direction of Koban's Beverage.

On April 7, 1983, appellant and John Robert Turcotte were arrested by the Clifton Heights Police Department in Delaware County and charged with a separate robbery. Found on the person of Turcotte was a .38 caliber snub-nosed revolver. He was wearing a distinctive brown tweed sweater. Around his neck was a white handkerchief, tied in a knot so as to form a mask. The two were arrested while riding in a white Mercedes-Benz truck owned and driven by appellant.

Learning of the Clifton Heights arrest, Glenolden Police showed the three witnesses the appellant's white Mercedes-Benz truck, which they said looked like the truck they had seen on the day of the Koban's robbery. Both of the victims of the robbery identified Turcotte's sweater as the one worn by the gunman. On April 14, 1983, the appellant

and Turcotte were arrested and charged with robbery, conspiracy, and theft by unlawful taking. The appellant was subsequently identified by the victim as the gunman. His original co-defendant, John Turcotte, was discharged at that hearing.

A jury was convened before the Honorable Robert W. Wright. The next day, the jury deliberated from 2:05 until 3:55 p.m., indicating to the court that they were deadlocked. Subsequently, the court declared a mistrial. A retrial on September 19–20, 1984 resulted in a guilty verdict. This appeal followed.

**I**

■ The first of appellant's six issues alleges that the trial court erred in denying his motion for suppression of identification because there was insufficient independent testimony by the victims to substantiate their identification. Throughout the proceedings, descriptions given by witnesses and victims were vague and general. In addition, they tended to vary, especially as to the color of the robber's hair. A picture, in a photo array, of appellant's co-defendant was not identified, while an in-person identification of appellant was made.[1] In addition, appellant contends that the in-court identification should have been suppressed because it was tainted by a suggestive confrontation before the preliminary hearing.

According to the Supreme Court in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), the factors to be considered in reviewing an identification procedure are: (1) the opportunity of witnesses to view the suspect at the time of the crime, (2) the witnesses' degree of attention, (3) the accuracy of any prior identification, (4) the level of certainty at the confrontation, and (5) the time between the confrontation and the crime. *See also Commonwealth v. Lee,* 262 Pa.Super. 280, 396 A.2d 755 (1978). A claimed

1. Appellant was not viewed in a photo array or a lineup. This is the basis of an ineffective assistance of counsel claim to be discussed in Part VI.

violation of due process of law, in the conduct of a confrontation such as that made by appellant, depends on the totality of the circumstances surrounding it. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

Reviewing the *Neil* criteria, the following is established: the victims observed the gunman for about 15–20 minutes at a fairly close range; since the gunman was robbing the victims and was indeed pointing a gun at them, the victims gave the gunman their complete and undivided attention; the victims were able to give the police a general description of the gunman with a degree of specificity as to clothing attire; the appellant was positively identified while the co-defendant was positively dismissed through the photo array; and the identification took place approximately three weeks after the crime. The trial court found this above information sufficient to allow the identification testimony. We agree with his decision.

## II

The second issue advanced by appellant concerns the mistrial which ended appellant's first trial. He now argues that his retrial violated his right against double jeopardy and that the charges against him should have been dismissed.[2] Appellant relies principally on the short deliberation period—slightly less than two hours—to bolster his argument that the manifest necessity required for a mistrial did not exist.

■ Where the jury, after full consideration of the case, fails to agree and there is no reasonable basis for believing that they will be able to agree after further deliberation, a manifest necessity exists for their discharge. *Commonwealth v. Fredericks,* 235 Pa.Super. 78, 340 A.2d 498 (1975). There is no predetermined formula to decide when a mistrial must be granted. Each case differs in the complexity of the issues presented, the seriousness of the charges to be considered, and the amount of testimony to be digested and

2. The appellant also argues ineffective assistance of counsel, which will be discussed in Part VI.

reviewed. These factors are used in weighing the reasonableness of the length of jury deliberations. *Commonwealth v. Monte,* 459 Pa. 495, 329 A.2d 836 (1974). Ultimately, the length of the jury deliberation is wisely left to the sound discretion of the trial judge. *Commonwealth v. Monte, supra.; Commonwealth v. Campbell,* 445 Pa. 488, 284 A.2d 798 (1971).

In reviewing whether the trial court properly determined that the jury would not be able to reach a verdict so that manifest necessity required the declaration of a mistrial, we note that the trial judge is in a far better position to decide these issues. *Commonwealth v. Fredericks, supra.* The judge below hears the evidence; observes the attitudes, demeanor, and other characteristics of witnesses; and takes notice of the jury's attentiveness and reaction to the evidence presented. *Commonwealth v. Fredericks, supra.*

■ The important facts concerning the judge's decision include the appellant's counsel's request for a mistrial and the indication, by a written note, that the jury could not reach a verdict and that they firmly believed the opinions held by each would not change. The seriousness of an 8–4 split was not outweighed by a deliberation period of slightly less than two hours. The judge did not abuse his discretion, given the fact that the trial did not last more than two days with approximately four witnesses and eight exhibits. We therefore refuse to find any merit to appellant's double jeopardy claim.

### III

■ Appellant next argues that the court should not have allowed six bullets found at the time of his arrest to go out with the jury during their deliberations. The trial court found that the evidence was relevant in that it made the possibility that appellant entered Koban's with a gun more probable and that, therefore, the jury may take the bullets into deliberation with them. Except in certain specific

circumstances,[3] decisions concerning what exhibits may be taken out by the jury are within the sound discretion of the trial judge. Pa.R.Crim.P. 1114. Absent an abuse of discretion, the trial judge will not be reversed on appeal. *Commonwealth v. Lybrand,* 272 Pa.Super. 475, 416 A.2d 555 (1979). A careful review fails to reveal any abuse of discretion by the trial judge. As such, we find appellant's argument meritless and affirm the lower court.

## IV

■ The fourth allegation of error made by appellant is that the evidence is insufficient to support the conviction and the verdict was contrary to the evidence. In support of this argument, appellant relies upon the significant problems and discrepancies in identification. Appellant contends that this was enough to raise a reasonable doubt as to his guilt.

The standard of review for evaluating sufficiency of the evidence is whether, viewing all the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, the trier of fact could properly have found that all the elements of the crime had been established beyond a reasonable doubt. *Commonwealth v. Cartagena,* 482 Pa. 6, 393 A.2d 350 (1978); *Commonwealth v. Thomas,* 465 Pa. 442, 350 A.2d 847 (1976). Only where the evidence is so inconsistent and unreliable so that the verdict is based upon conjecture, will it be overturned. *Commonwealth v. King,* 287 Pa.Super. 105, 429 A.2d 1121 (1981). A mere conflict of testimony does not render the evidence insufficient. *Commonwealth v. Dolan,* 287 Pa. Super. 202, 429 A.2d 1171 (1981). When conflicts and discrepancies arise, it is within the province of the jury to determine the weight to be given each testimony and to believe all, part, or none of the evidence as they deem

3. Pa.R.Crim.P. 1114 does not allow the jury to have a transcript of any trial testimony, a copy of any written confession by the defendant, or a copy of the information or indictment with them while deliberating.

appropriate. *Commonwealth v. Rose*, 463 Pa. 264, 344 A.2d 824 (1975).

Applying this law to the case presently before us, we find no abuse of discretion by the trial court and decline to reverse. The jury, after hearing all the evidence regarding the variations in descriptions, decided against the appellant's position. The lower court then dismissed appellant's post-trial motion for new trial and in arrest of judgment holding the evidence more than sufficient to satisfy the reasonable doubt standard. We agree and affirm the verdict.

## V

The next issue for consideration is whether there was probable cause to arrest appellant. In alleging a lack of probable cause, appellant once again argues the inaccurate description given in support of the affidavit. He submits that the only link between the Koban robbery and his arrest was a white Mercedes truck, since the description given of the clothing worn by the gunman fit that of appellant's co-defendant.

Probable cause exists if the facts and circumstances within the knowledge of the police at the time of the arrest, and of which they have reasonably trustworthy information, are sufficient to justify a man of reasonable caution in the belief that a suspect has committed or is committing a crime. *Commonwealth v. Kazior*, 269 Pa.Super. 518, 410 A.2d 822 (1979); *Commonwealth v. Powers*, 484 Pa. 198, 398 A.2d 1013 (1979). The burden of proving probable cause rests with the Commonwealth and mere suspicion is not enough. *Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119 (1974); *Commonwealth v. Holton*, 432 Pa. 11, 247 A.2d 228 (1968). The standard of probable cause, however, must be applied to the totality of the circumstances facing the police. Facts insufficient to justify an arrest if considered separately may in combination supply probable cause. *Commonwealth v. Roscioli*, 240 Pa.Super. 135, 361 A.2d 834 (1976). In addition, this Court

has held that when examining a particular situation to determine if probable cause exists, all factors and their total effect must be considered rather than concentrating on each individual element. The circumstances must be viewed through the eyes of trained police officers and not the average citizen. Finally, the question of probable cause is not one of certainty; instead the court must deal with the factual and practical considerations of everyday life on which reasonable and prudent men act. This is not the same "beyond a reasonable doubt" standard applied in determining guilt or innocence at trial. *Commonwealth v. Tolbert,* 235 Pa.Super. 227, 341 A.2d 198 (1975); *Commonwealth v. Devlin,* 221 Pa.Super. 175, 289 A.2d 237 (1972).

■ Appellant and another were arrested for an unrelated robbery. At that time, appellant was driving his white Merecedes truck identified as being similar to the one used in the Koban robbery. Appellant's co-defendant was wearing the clothes described by eyewitnesses. In addition, a .38 caliber revolver was found on the co-defendant and a box of .38 caliber bullets were found in appellant's truck. The totality of the circumstances warranted the officer's belief that both appellant and his co-defendant were probable suspects. Exact certainty as to which of the two was the lone gunman was not necessary.

In addition, it should be noted that the United States Supreme Court has ruled that an illegal arrest, without more, has never been viewed as a bar to a subsequent prosecution nor as a defense to a valid conviction. *United States v. Crews,* 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980). A person is not a suppressible fruit and any illegality of detention cannot deprive the government of the opportunity to prove guilt through the introduction of evidence wholly untainted by the police misconduct. *United States v. Crews, supra.* The Pennsylvania Supreme Court has also held that an appellant cannot seek the suppression of his very person. *Commonwealth v. Krall,* 452 Pa. 215, 304 A.2d 488 (1973).

## VI

Finally, appellant argues that he was denied effective assistance of counsel during the trial. To support this contention, he cites three particular instances: first, there was no request for any pretrial identification proceedings; second, counsel did not object to a declaration of mistrial; and third, a cautionary instruction concerning identification testimony was not requested.

■ Pennsylvania law regarding ineffective assistance of counsel is well documented. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), enunciated the process to be used as a two-pronged analysis consisting first of a determination of whether the issue underlying the ineffectiveness claim is of arguable merit, and second whether the course chosen by counsel had some reasonable basis aimed at promoting the appellant's interests. *Commonwealth v. Pierce*, 345 Pa.Super. 324, 498 A.2d 423 (1985); *Commonwealth v. Cooper*, 333 Pa.Super. 559, 482 A.2d 1014 (1984). Recently, an *en banc* Superior Court added another consideration. In addition to the above requirements, an appellant must establish that the ineffectiveness so prejudiced his case that he did not receive a fair trial. *Commonwealth v. Pierce, supra.* At all times through the process, the law presumes effective counsel and the burden of proving ineffectiveness of counsel rests with the appellant. *Commonwealth v. Floyd*, 506 Pa. 85, 484 A.2d 365 (1984).

 Appellant did not meet his burden in any of the three claims of ineffective assistance of counsel. A motion to suppress identification of appellant was denied and a positive in-court identification was made by the victims. Appellant's trial counsel took every opportunity available at trial to raise a reasonable doubt as to the gunman's identity. All testimony and evidence pointing out the discrepancies given by the victims, as well as how those descriptions compared to the appellant, were properly before the jury and decided by the jury. The second claim is equally meritless. As previously discussed, the mistrial was appro-

priately declared by the judge. It could not have made a difference whether or not trial counsel objected or consented. Therefore, he could not have been ineffective in his actions. Lastly, the record reveals that the instructions given the jury sufficiently charged the jury regarding the identification testimony. Trial counsel did not need to request a cautionary instruction. Counsel willnot be held ineffective for refraining from doing that which is unnecessary.

Judgment of sentence affirmed.