# Commonwealth v. Latham

C.P. of Lawrence County, no. 1266 of 2008, CR.

*Kathleen Fee Baird, assistant district attorney*, for Commonwealth.

*Shontee Latham*, pro se.

MOTTO, *P.J.*, November 19, 2010—In the instant matter, the defendant shontee Latham, has filed motions for post-sentence relief which consist of a motion in arrest of judgment, motion for judgment of acquittal and a motion for a new trial raising eight issues of alleged

error, many of which involve allegations of ineffective assistance of counsel. The defendant alleges the following errors occurred:

I. The District Court erred in failing to dismiss to charge of terroristic threats with Intent to Terrorize Another [Pa.C.S.A. §2706(a)(1)] at his preliminary hearing because the circumstances spelled out in the police criminal complaint did not establish the elements of the charge.

II. Defendant's first appointed counsel, Robert Barletta, was ineffective for failing to object when Commonwealth witness Sherbelle Hall offered hearsay testimony at the omnibus pre-trial motion hearing and speculated as to the dimensions of the firearm used in the crime.

III. Defendant's first appointed counsel was ineffective for failing to argue at the omnibus pre-trial motion hearing that the prosecution did not prove a prima facie case as to all charges.

IV. The court erred in denying defendant's omnibus pre-trial motion for habeas corpus relief.

V. Defendant's trial counsel, Gerald Iwanejko, was ineffective for failing to impeach Commonwealth witness Sherbelle Hall on her multiple inconsistent statements, including her statements regarding the gun she claimed was in the defendant's possession.

VI. Defendant's trial counsel was ineffective for referencing hearsay evidence by alleging that an unavailable witness told Officer Newton that she observed the defendant in possession of a gun as the

submission of this hearsay evidence was prejudicial to the defendant and if not for trial counsel's error the hearsay evidence would have been inadmissible.

VII. Defendant's trial counsel was ineffective for failing to raise issues and preserve argument that the New Castle Police Department violated the defendant's rights guaranteed under the 4th, 5th, 6th, and 14th amendments of the United States Constitution.

VIII. The court erred by denying the defendant's motion judgment of acquittal at the close of Commonwealth's case due to insufficiency of the evidence because the Commonwealth never produced the alleged firearm and there was no reliable proof provided to establish the essential element of barrel length.

On the evening of September 30, 2008, Sherbelle Hall was at her neighbor's house at 219 West Lincoln Avenue in the Lincoln housing project in New castle hanging out with friends when she looked outside and saw the defendant leaning on a car that did not belong to him parked outside the residence. Ms. Hall recognized the defendant so she went outside and told him get off the car and when he wouldn't leave she nudged him to try to make him move. The defendant told Ms. Hall that no one was going to disrespect him and proceeded to pull a gun out of his pocket and fired a bullet into the air right above her head. Ms. Hall started yelling at the defendant and began to walk away when the defendant started following her and telling her that no one was going to disrespect him. He pointed the gun at her chest and told her he would "put one in her." Ms. Hall walked away from the defendant and went back to her house and called the police. Ms. Hall watched as the defendant entered his girlfriend's house,

located right behind her house, at 335 Cuba Street. The New Castle Police Department responded and interviewed Ms. Hall and she advised them that the defendant had fired a gunshot above her head, held a gun to her chest and threatened to "put one in her," and that after the incident the defendant went into Tracy Cuffia's house located at 335 Cuba Street in the Lincoln housing project. The police went to that residence and tried knocking on the door and when no one would open the door they obtained the master key from the Lawrence County Housing Authority to gain entry. They tried unlocking the door several times and each time someone inside the house would slam the door shut and lock it again. The police eventually retrieved the ram from the police station and broke the door down to gain entry. The defendant was found in the upstairs bathroom taking a shower.

The defendant was arrested and charged with firearms not to be carried without a license[1], recklessly endangering another person[2], possession of a firearm prohibited[3] and terroristic threats[4]. Trial commenced on April 20, 2010, and the defendant was subsequently convicted of all charges on April 22, 2010. As a result, the defendant was sentenced to a term of imprisonment of not less than five years nor more than ten years incarceration at a state correctional institution on August 5, 2010. The defendant has filed post-sentence motions, which include a motion for new trial, a motion for arrest of judgment and motion for judgment of acquittal.

First, the defendant claims that the Commonwealth did

1. 18 Pa.C.S.A. §6106(a)(1).
2. 18 Pa.C.S.A. §2705.
3. 18 Pa.C.S.A. §6105 (a)(1).
4. 18 Pa.C.S.A. §2706 (a)(1).

not present sufficient evidence at the preliminary hearing to establish a prima facie case to the charge of terroristic threats. Defendant contends that the circumstances spelled out in the police criminal complaint did not establish the elements of the charge of terrorist threats, therefore, the district court erred in not dismissing the charge at his preliminary hearing.

It is well settled that the preliminary hearing serves a limited function. The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime. *Commonwealth v. Fox*, 619 A.2d 327, 332 (Pa. Super. 1993); *Commonwealth v. Tyler*, 587 A.2d 326, 328 (Pa. Super. 1991). Appeal denied, 533 Pa. 39, 617 A.2d 1263 (1992)(quoting *Commonwealth v. Wojdak*, 502 Pa. 359, 466 A.2d 991(1983)). In other words, a preliminary hearing merely serves the function of determining whether a defendant should be discharged or bound over to court with or without bail. The Commonwealth must, however, establish a prima facie case as to all elements of the offenses charged.

A preliminary hearing was held on October 28, 2008, and the district court heard the testimony of Sherbellee Hall about the events that transpired on the night of September 30, 2008. All charges against the defendant were bound over to this court. The defendant's contention that the charge of terroristic threats should be discharged based upon the insufficiency of the evidence at his preliminary hearing is meritless, as our supreme court has held that the failure to establish a prima facie case at a preliminary hearing is clearly immaterial where at the trial

the Commonwealth met its burden by proving the offense beyond a reasonable doubt. *Commonwealth v. Troop*, 571 A.2d 1084, 1088 (Pa. Super. 1990); *Commonwealth v. McCullough*, 501 Pa. 423, 427, 461 A.2d 1229, 1231 (1983); *Commonwealth v. Davis*, 454 A.2d 92, 96 (Pa. Super. 1982)(fact that defendant did not succeed in obtaining discharge at district justice level on grounds that complaint was defective is not grounds for disturbing conviction on appeal), *allocatur denied* (February 28, 1983). Therefore, the defendant's claim that the district court erred when it found the Commonwealth presented a prima facie case for the charge of terroristic threats is denied.

Second, the defendant contends that the suppression court erred in denying the defendant's omnibus pre-trial motion for writ of habeas corpus with respect to all of the charges because the Commonwealth failed to establish a prima facie case that the defendant committed any of the offenses with which he was charged. Defendant argues that during the hearing on his petition for writ of habeas corpus, the Commonwealth's only evidence was the testimony of witness Sherbellee Hall and her testimony against him was uncorroborated and was the product of speculation and imagination. There was a full hearing held before the court and after receiving arguments from the commonwealth and the defendant, the court in an order dated July 29, 2009 denied the defendant's motion for writ of habeas corpus as the Commonwealth presented a prima facie case against the defendant on all charges.

A court ruling on a motion for writ of habeas corpus is precluded from passing judgment on the credibility and weight of the evidence presented at the hearing because weight and credibility are issues reserved for a jury to decide

at a later date. *Commonwealth v. Carmody*, 799 A.2d 143 (Pa. Super. 2002). The prohibition against the suppression court making credibility and weight determinations has been determined by the Pennsylvania Supreme Court in *Commonwealth v. Wojkak*, supra, where the Supreme Court specifically held that weight and credibility of the evidence are not factors to be considered at a habeas corpus hearing. Since the suppression court cannot make a credibility and weight determination regarding the testimony of Ms. Hall and her testimony was accepted as true, a prima facie case had been established as to the defendant on all of the aforementioned charges.

In the suppression court's order, the court found that evidence was produced that the defendant did carry a firearm concealed on his person without a license and that defendant has a prior felony conviction as the result of which he was not legally permitted to possess a firearm, and that defendant discharged a firearm approximately three feet away from Sherbelle Hall's head and threatened to "put a bullet" into the person of Sherbelle Hall. Accordingly, defendant's claim that the suppression court erred in finding that the Commonwealth presented a prima facie case as to all charges is denied. Additionally, the court notes that the defendant was convicted of all charges at trial and our Supreme Court has held that the failure to establish a prima facie case is clearly immaterial where at trial the Commonwealth met its burden by proving the offense beyond a reasonable doubt. See *Commonwealth v. Troop*, supra.

Next, in his motion for judgment of acquittal, the defendant contends there was insufficient evidence presented at trial to convict him of firearms not to be

carried without a license, recklessly endangering another person, possession of a firearm prohibited and terroristic threats because the Commonwealth failed to produce the firearm and there was no reliable proof provided to establish the essential element of barrel length.

A claim challenging the sufficiency of the evidence is a question of law to be decided by the court. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). Sufficient evidence to sustain a verdict has been presented when the Commonwealth establishes that the accused has committed each material element of the crime charged beyond a reasonable doubt. *Id.* (citing *Commonwealth v. Karkaria*, 533 Pa. 412, 625 A.2d 1167 1993)). In deciding a post-sentence motion challenging the sufficiency of the evidence, the court must evaluate the entire record and read all of the evidence in a light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. *Commonwealth v. Johnson*, 631 A.2d 639, 642 (Pa. Super. 1993)(quoting *Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266 (1977)). The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove. *Id.*, 631 A.2d at 642. A mere conflict in the evidence does not render the evidence insufficient as the fact finder must determine the weight to be given to the testimony and may believe all, part or none of the evidence. *Commonwealth v. Walter*, 849 A.2d 265, 267 (Pa. Super. 2004)(citing *Commonwealth v. Verdekal*, 351 Pa.Super. 412, 506 A.2d 415 (Pa. Super. 1986); *Commonwealth v. Whitfield*, 475 Pa. 297, 380 A.2d 362 (1977)). The court is not to determine the weight or the credibility to assign to the testimony of record. *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004). Before granting a post-

sentence motion based on the sufficiency of the evidence, a court must find the evidence supporting the verdict to be so weak and inconclusive that a jury of reasonable persons would not have been satisfied as to the accused's guilt. *Commonwealth v. Bigelow*, 611 A.2d 301,303 (Pa. Super. 1992) (citing *Commonwealth v. Blevins*, 453 Pa. 481, 487, 309 A.2d 421, 425 (1973)).

In the case sub judice, the Commonwealth has presented sufficient evidence to prove that the defendant committed the crimes of firearms not to be carried without a license, recklessly endangering another person, possession of a firearm prohibited and terroristic threats. The evidence was presented through the testimony of Sherbelle Hall who gave clear testimony regarding the charges against the defendant, and through her testimony established each element of each of the offenses charged. She stated that on the evening of September 30, 2008, she was at her neighbor's house at 219 West Lincoln Avenue in the Lincoln housing project in New Castle with friends when she looked outside and saw the defendant leaning on a car that did not belong to him parked outside the residence. She recognized the defendant so she went outside and told him get off the car and when he wouldn't leave she nudged him to try to make him move. The defendant told her that no one was going to disrespect him and proceeded to pull a gun out of his pocket and fired a bullet into the air right above her head. She started yelling at the defendant and began to walk away when the defendant began to follow her and tell her that no one was going to disrespect him and he pointed a gun at her chest and told her he would "put one in her."

The testimony in this case supplied evidence of each of the elements of each of the crimes for which the defendant

was convicted. In support of his argument, defendant cites reasons why the testimony of Sherbelle Hall is not sufficient to establish the elements of the crimes. However, defendant is essentially arguing reasons as to why the victim should not have been found to be credible. A mere conflict in testimony does not render evidence insufficient. It is within the province of the fact finder to determine what weight is to be given to the testimony and to believe all, part or none of it. *Commonwealth v. Machalski*, 707 A.2d 528 (Pa. Super. 1998). In order to grant a motion for judgment of acquittal on sufficiency grounds, the trial court must find that the evidence supporting the verdict is so weak and inconclusive that a jury of reasonable persons could not have been satisfied as to the accused's guilt. *Commonwealth v. Bigelow*, supra. Here, defendant's argument for insufficiency of the evidence is an attack on the credibility of the witnesses. It is within the province of the jury to accept or reject the testimony of the witnesses and the court here cannot conclude that the testimony of the witnesses was so weak and inconclusive that the jury as a matter of law could not have been satisfied as to the accused's guilt.

Defendant argues that because the Commonwealth never produced the firearm and there was no reliable proof to establish the essential element of barrel length, the evidence was insufficient to sustain his conviction on all charges. Section 6105 of the crimes code provides, "No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control." Section 6102 of the crimes code defines "firearm" as "any pistol or revolver with a barrel less than 12 inches, any shotgun with a barrel less than 24 inches, or any rifle with a barrel

less than 15 inches." The barrel length specified by 6102 is an essential element of the offense proscribed by section 6105. *Commonwealth v. Todd*, 477 Pa. 529, 384 A.2d 1215 (1978). Defendant contends that the jury could not have found this element had been established beyond a reasonable doubt. This court disagrees.

At the trial, defendant stipulated that he is not a person who is legally authorized to possess a firearm and the jury heard testimony from Sherbelle Hall indicating that the barrel length was about 5 inches long. She also estimated the length with hand motions when she described the nozzle of the gun as "at least this long. I seen that much when he was pointing it at my chest. The nozzle had to be this long, at least." Although the jury did not observe the gun itself, the jury observed a witness who indicated the dimensions of the gun. Therefore, defendant's claim that the Commonwealth presented insufficient evidence of the gun barrel length is without merit. Likewise, the jury heard testimony from Sherbelle Hall indicating that when she confronted the defendant he pulled a gun from his pocket and fired a shot approximately three feet away from her head and threatened to "put a bullet" into her person. It is within the province of the jury to accept or reject the testimony of the witness and the jury chose to accept her testimony. As a result, the Commonwealth presented sufficient evidence to the establish the defendant committed the crimes of firearms not to be carried without a license and possession of a firearm prohibited.

Additionally, a person commits the crime of recklessly endangering another person if he recklessly engages in conduct which places another person in danger of death or serious bodily injury. 18 Pa.C.S.A. §2705. To sustain a conviction under this statue, the Commonwealth must

prove that the defendant had actual ability to do so. *Commonwealth v. Trowbridge*, 395 A.2d 1337, 1340 (Pa. Super. 1978) (en banc) as quoted in *Commonwealth v. Maloney*, 636 A.2d 671, 674 (Pa. Super. 1994). Danger, and not merely the apprehension of danger, must be created. *Id.* In *Commonwealth v. Rivera*, 503 A.2d 11 (Pa. Super. 1985), the court found evidence sufficient to establish recklessly endangering another person where the defendant broke into the victim's home, tied-up and robbed the victims, and threatened the victims with death or serious injury by shooting. *Id.* The court concluded that the robbers placed the victims in a situation in which the risk of death or serious bodily injury was real, not merely apparent and, therefore, the Commonwealth did not need to prove that a bullet was in the chamber of the gun used by the defendant. *Id.* at 12-13.

In the instant case, the court finds that the Commonwealth presented sufficient evidence to sustain defendant's conviction of recklessly endangering another person. when the evidence is viewed in the light most favorable to the Commonwealth it is clear that it was sufficient to support an inference that defendant placed Ms. Hall in a situation where the risk of death or serious bodily injury was real, not merely apparent. Ms. Hall testified that the defendant told her that no one was going to disrespect him and proceeded to pull a gun out of his pocket and fire a bullet into the air right above her head. She stated she started yelling at the defendant and began to walk away when the defendant began to follow her and tell her that no one was going to disrespect him and he pointed the gun at her chest and told her he would "put one in her." This evidence is sufficient to permit a finding that Ms. Hall was in actual danger from the gun pointed

at her and that the defendant was in a position whereby he could shoot her. Therefore, this court finds the evidence sufficient to sustain defendant's conviction of recklessly endangering another person.

Moreover, a person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to commit any crime of violence with intent to terrorize another. 18 Pa.C.S. §2706(a)(1). Based on this definition, the Commonwealth must prove that 1) the defendant made a threat to commit a crime of violence, and 2) the threat was communicated with the intent to terrorize another or with reckless disregard for the risk of causing terror. *Commonwealth v. Sinnott*, 976 A.2d 1184, 1188 (Pa. Super. 2009); *Commonwealth v. Tizer*, 684 A.2d 597, 600 (Pa. Super. 1996). The harm sought to be avoided is the psychological distress that follows an invasion of the victim's sense of personal security. *Id.* In the case sub judice, this court finds that the Commonwealth presented sufficient evidence to sustain defendant's conviction of terroristic threats. Ms. Hall testified that the defendant pulled a gun out of his pocket and fired a bullet into the air right above her head. She started yelling at the defendant and began to walk away when the defendant followed her and told her that no one was going to disrespect him and he pointed the gun at her chest and told her he would "put one in her." This testimony establishes that defendant intended to terrorize the victim by holding a gun to her chest and threatening to put a bullet into her person. Therefore, this court finds the evidence sufficient to sustain defendant's conviction of terroristic threats.

Accordingly, based on the totality of the record, sufficient evidence was presented to allow the jury to convict the defendant of firearms not to be carried without a

license, recklessly endangering another person, possession of a firearm prohibited and terroristic threats. Defendant's motion for judgment of acquittal is therefore denied.

Next, the defendant raises five claims of ineffective assistance of counsel. In *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), the Pennsylvania Supreme Court held that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of counsel until collateral review. In *Grant*, the court broke from the longstanding precedent that had its origin in *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975), and *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), and indicated that it was no longer necessary that ineffective assistance of trial counsel claims be raised "at the earliest stage of proceedings at which the allegedly ineffective counsel no longer represents the defendant." *Grant*, 572 Pa. at 51, 813 A.2d at 729. The applicable rule of law now holds that a claim raising trial counsel ineffectiveness will no longer be considered waived because new counsel on direct appeal did not raise a claim related to prior counsel's ineffectiveness. *Id.* 572 Pa. at 67, 813 A.2d at 737. Summarizing the new position, the court states as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review. Thus, any ineffectiveness claim will be waived only after a petitioner has had the opportunity to raise that claim on collateral review and has failed to avail himself of that opportunity. *Id.* 572 Pa. at 67, 813 A.2d at 738. Applying the rule in *Grant*, the Supreme Court dismissed the defendant's claims of ineffectiveness without prejudice to raise these claims, in addition to other claims of ineffectiveness in a first PCRA petition. *Id.* 572 Pa. 68, 813 A.2d at 739.

In the present case, there appears to be no reason to

depart from the approach employed by the Pennsylvania Supreme Court in *Grant*. Accordingly, defendant's claims for ineffective assistance of counsel will be dismissed without prejudice. Defendant can raise these claims in addition to other claims of ineffectiveness is a first PCRA petition and at that time the PCRA court will be in a position to ensure that defendant receives an evidentiary hearing on his claims, if necessary.

For the reasons set forth in this opinion, the defendant's motions for post-sentence relief are denied.

## ORDER OF COURT

And now, November 19, 2010, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that defendant's motion for post-sentence relief, including defendant's motion in arrest of judgment, motion for judgment of acquittal and motion for new trial are each denied. All claims of the defendant based on alleged ineffective assistance of counsel are denied without prejudice to the right of defendant to raise such claim on collateral review.

Defendant is advised that he has the right to appeal this order to the Superior Court of Pennsylvania, and that such appeal must be filed within thirty (30) days of the date this order is filed or the right to file the appeal will be lost.