
**Antonio BRAZ, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (NICOLET, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 6, 2009.
Decided March 31, 2009.
Reargument En Banc Denied
May 26, 2009.
Publication Ordered July 6, 2009.

George Martin, Philadelphia, for petitioner.

Sheilah A. Tone, Scranton, for respondent.

Daniel K. Bricmont, Pittsburgh, for amicus curiae, Pennsylvania Association for Justice.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge McGINLEY.

Antonio Braz (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) which reversed the Workers' Compensation Judge's (WCJ) denial of the suspension petition of Nicolet, Inc. (Employer).

On January 23, 1986, Claimant suffered an undisplaced fracture of the right wrist while in the course and scope of his employment with Employer as a machine operator. Pursuant to a notice of compensation payable, Claimant received disability compensation payments of $298.42 per week based on an average weekly wage of $447.63. At the time of injury, Claimant resided in Souderton, Pennsylvania. At some point thereafter, Claimant moved to Portugal. After he had lived there for more than a decade, Employer petitioned to suspend benefits on the basis that Claimant was unavailable for employment because he resided in Portugal. Employer did not present any medical evidence. The parties stipulated to the facts.

The WCJ denied the suspension petition because Employer failed to present any evidence of a change in Claimant's medical condition.

Employer appealed to the Board which reversed:

Here, like the claimant in *Blong [v. Workers' Compensation Appeal Board (Fluid Containment)*, 890 A.2d 1150 (Pa. Cmwlth.2006), *petition for allowance of appeal denied*, 592 Pa. 774, 926 A.2d 442 (2007) ], Claimant moved out of the country. Thus, even if Defendant [Employer] had been able to establish a change in condition . . . it would be futile to find jobs for Claimant in Pennsylvania as he was living in Portugal. . . . Therefore, we believe, that Claimant's move to Portugal constituted a removal from the work force and the Judge erred in denying Defendant's [Employer] Suspension Petition.

Board Opinion, November 14, 2008, at 4–5; Reproduced Record at 17a–18a.

■ Claimant contends the Board erred when it reversed the WCJ's denial of the suspension petition.[1]

In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), our Pennsylvania Supreme Court adopted the following requirements which an employer must meet to satisfy its burden to modify compensation payments:

1. The employer must produce medical evidence of a change in the employee's condition.

2. The employer must produce evidence of a referral or referrals to a then open job (or jobs), which fits the occupational category which the claimant has been given medical clearance e.g., light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then the claimant's benefits should continue.

*Kachinski*, 516 Pa. at 252, 532 A.2d at 380.

■ Claimant argues that because Employer failed to satisfy the first prong of *Kachinski*, the production of evidence of a change in the claimant's condition, the Board erred when it reversed the denial of the suspension petition.

However, our Pennsylvania Supreme Court has recognized that the first prong of *Kachinski* does not apply if the modification of benefits is not based on the assertion that the claimant has recovered some or all of his ability. *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994).

In *Blong v. Workers' Compensation Appeal Board (Fluid Containment)*, 890 A.2d 1150 (Pa.Cmwlth.2006), this Court addressed a similar issue. Michael Blong (Blong) received compensation benefits as a result of a work-related bilateral carpal tunnel injury. When his employer, Fluid Containment, notified Blong to schedule an Independent Medical Examination, Blong's counsel informed Fluid Containment that Blong would not be able to attend because he had moved to New Zealand. Fluid Containment petitioned to terminate or suspend benefits because Blong had voluntarily removed himself from the workforce when he moved from Pennsylvania to New Zealand. The WCJ granted the suspension petition on the basis that Blong had voluntarily removed himself from the workforce and denied the termination petition. The Board affirmed. *Blong*, 890 A.2d at 1151–1152.

---

1. This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth. 15, 589 A.2d 291 (1991).

 

Blong petitioned for review with this Court and contended that Fluid Containment was required to establish job availability in the Mt. Union area where Blong had resided. *Blong*, 890 A.2d at 1152. This Court affirmed based on *Smith v. Workers' Compensation Appeal Board (Dunhill Temporary Systems)*, 725 A.2d 1285 (Pa.Cmwlth.1999). In *Smith*, this Court held that a claimant who joined the Peace Corps and moved to Africa had voluntarily removed himself from the workforce and it was not necessary for an employer to show the *Kachinski* requirements of change of condition and job availability. In *Blong*, this Court reasoned:

> The critical fact is removal. As in Smith, it would be a futile undertaking for Employer [Fluid Containment] to find jobs suitable for Claimant [Blong] in the Mt. Union area. Claimant [Blong] has removed himself from that workplace and offered no indication that he intends to move back to the United States should he learn of suitable employment in Mt. Union. In sum, Claimant [Blong] has removed himself from the workplace with as much certainty as one who becomes incarcerated or one who decides to retire.

*Blong*, 890 A.2d at 1154.

Here, Claimant, like the claimants in *Blong* and *Smith*, has removed himself from the workforce by his move to Portugal and by residing outside this country for more than a decade. Employer was not required to meet the *Kachinski* re-

quirement of a change in condition in order to suspend benefits.[2]

Accordingly, this Court affirms.

## ORDER

AND NOW, this 31st day of March, 2009, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

**2.** Claimant asserts that in *Lewis v. Workers' Compensation Appeal Board (Giles & Ransome, Inc.)*, 591 Pa. 490, 919 A.2d 922 (2007) our Pennsylvania Supreme Court held that an employer must demonstrate a change in physical condition under *Kachinski* in order to terminate or modify benefits when a new proceeding is initiated. *Lewis* is inapplicable here because the employer in *Lewis* sought a termination of benefits based on a change in condition. *Lewis* did not involve a claimant's voluntary removal from the workforce.