J-S06017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL STEVENS | |
| Appellant | No. 66 EDA 2014 |

Appeal from the PCRA Order December 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0803221-2005

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                  **FILED SEPTEMBER 17, 2015**

Michael Stevens appeals from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9564.[1]  On appeal, Stevens claims that he was entitled to an evidentiary hearing on his amended PCRA petition.  After careful review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  An appellate court's standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error.  ***Commonwealth v. Allen***, 732 A.2d 582 (Pa. 1999).  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  ***Commonwealth v. Carr***, 768 A.2d 1164 (Pa. Super. 2001).

On December 15, 2004, Stevens was charged with various drug offenses following controlled drug buys involving a confidential informant (CI) working with authorities. In January 2007, Stevens filed a motion to suppress, claiming that the police lacked probable cause to stop and search him; the trial court denied the motion. Following a bench trial, Stevens was convicted of possession with intent to deliver (PWID), possession of a controlled substance, and criminal conspiracy. On January 3, 2008, Stevens was sentenced to 3-6 years of incarceration.[2] Stevens filed a timely direct appeal which was dismissed by this Court, on October 20, 2008, for failure to file an appellate brief. On December 1, 2008, Stevens filed his first *pro se* PCRA petition, seeking reinstatement of his direct appeal rights. Counsel was appointed and filed an amended brief on his behalf on June 30, 2009. On September 1, 2009, the trial court reinstated Stevens' appeal rights and, on September 30, 2009, counsel filed an appeal *nunc pro tunc*. On May 6, 2011, our Court affirmed his judgment of sentence.

On October 27, 2011, Stevens filed the instant *pro se* PCRA petition alleging that counsel was ineffective for failing to challenge the denial of his suppression motion on direct appeal. Counsel was subsequently appointed

---

[2] The possession count merged with the PWID count and no further sentence was imposed on the conspiracy conviction.

and filed a **Turner**/**Finley**[3] "no merit" letter. Stevens filed a *pro se* amended petition on November 15, 2013. On December 6, 2013, the court granted counsel's request to withdraw and dismissed Stevens' petition without a hearing. Stevens filed the instant appeal.

On January 21, 2015,[4] this Court remanded this case to the PCRA court to determine if Stevens was eligible for PCRA relief at the time the PCRA court ruled on his petition. **See Commonwealth v. Pagan**, 864 A.2d 1231 (Pa. Super. 2004) (under PCRA, petitioner who has finished serving sentence at time court ruled on petition is not entitled to relief); **see also** 42 Pa.C.S. § 9543(a)(1)(i). On May 28, 2015, the PCRA court issued the following findings of fact, in response to our remand instructions:

(1) Defendant completed serving his 3 to 6 year sentence for PWID on February 4, 2014; and

(2) Defendant was still serving his sentence on December 6, 2013, when the PCRA Court formally dismissed Defendant's PCRA petition as without merit.

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[4] On April 28, 2015, the Commonwealth filed a petition for allowance of appeal, from the denial of its petition for reargument filed in this Court, following our panel's January 21, 2015 remand decision. On July 2, 2015, the Supreme Court dismissed the Commonwealth's petition, holding that this Court's order was not final, as the panel had retained jurisdiction. **See Commonwealth v. Stevens**, 43 EM 2015.

Findings of Fact by the PCRA Court, 5/28/15. Therefore, because at the time the court ruled on Stevens' petition he was eligible for relief under the PCRA, we may address the merits of his issue on appeal.

On appeal, Stevens contends that the PCRA court should have afforded him a hearing on his petition which raised the issue of whether direct appeal counsel was ineffective in not raising the claim that the trial court improperly denied his pre-trial motion to suppress where the police had no probable cause to arrest him and recover the items seized in his vehicle.

There is no absolute right to an evidentiary hearing on a PCRA petition. If the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. **Commonwealth v. Barbosa**, 819 A.2d 81 (Pa. Super. 2003); **see also** Pa.R.Crim.P. 907 (PCRA court may dismiss petition without hearing where judge is satisfied that there are no genuine issues concerning any material fact and that defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings).

Here, the PCRA court determined that there was probable cause to stop and arrest Stevens and search his vehicle where: (1) officers had observed a pattern of illegal narcotic sales with a CI on three occasions from a house at 1213 Sydney Street; (2) on one of those occasions an officer observed Stevens exchange something from his parked vehicle with a person who had been standing on the front steps of the Sydney Street house, moments before the CI emerged with crack cocaine from the same

house; (3) $109 (including $20 in pre-recorded buy money) seized from the front seat of Stevens' car, of which he was the sole occupant, was in plain view; and (4) officers secured a search warrant, following Stevens' arrest, before searching the car's console.

Therefore, because there was no merit to Stevens' underlying suppression claim, his ineffectiveness claims must also fail. **Carelli**, **supra**. Moreover, because there is no genuine issue of material fact, the court properly denied the petition without first holding a hearing. **Barbosa**, **supra**; Pa.R.Crim.P. 907.

We rely upon the opinion, authored by the Honorable Daniel J. Anders, in affirming the court's order denying Stevens' PCRA petition without a hearing. We instruct the parties to attach a copy of Judge Anders' decision in the event of further proceedings in the matter.

Order affirmed.

President Judge Emeritus Bender joins the majority Memorandum.

Justice Fitzgerald files a Concurring Statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/2015

- 5 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0803221-2005
:
VS. : 66 EDA 2014
:
MICHAEL STEVENS :

**FILED**

JUL 1 6 2014

Criminal Appeals Unit
First Judicial District of PA

OPINION

The post-conviction court dismissed Defendant's petition under the Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S. §9541 *et seq.*, without an evidentiary hearing after determining

that the issues raised in the PCRA petition lacked arguable merit. Defendant filed a timely appeal

in which he argues that appellate counsel was ineffective for failing to preserve on appeal

whether a motion to suppress was wrongly denied. For the reasons stated below, the Superior

Court should affirm the dismissal of Defendant's PCRA petition.[1]

FACTUAL BACKGROUND

1.    Investigation Of Illegal Drug Sales At 1213 Sydney Street

On December 8, 2004, and December 9, 2004, Philadelphia Police Officers Roosevelt

Hagins and Douglas Robinson conducted confidential surveillances for illegal drug sales at 1213

Sydney Street in Philadelphia. On both dates, the officers observed the same activity:

- At the direction of the officers, a confidential informant (C.I.) entered the house at 1213 Sydney Street to purchase crack cocaine with pre-recorded buy money.

- An unknown person allowed the C.I. to enter 1213 Sydney Street.

- A short time later, a vehicle arrived at 1213 Sydney Street and parked in front of the house.

- A male exited the front door of 1213 Sydney Street and approached the vehicle.

---

[1] Following the death of the Honorable Thomas Dempsey, this matter was administratively assigned to the Honorable Daniel Anders for disposition.

- The man from inside the house engaged in an exchange with the driver of the vehicle.

- The vehicle drove away, and the male re-entered 1213 Sydney Street.

- A short time later, the C.I. exited the house and met with Officers Robinson and Hagins.

- The officers recovered several packets containing crack cocaine from the C.I.

N.T. 11/13/2007 at 9-10.

On December 15, 2004, the officers observed the same actions that occurred on the two prior days of surveillance. At approximately 6:45pm on that night, Officer Hagins parked in front of 1213 Sydney Street and set up surveillance where he could see the front and side of the property; Officer Robinson parked at the rear of the property and set up surveillance where he could see the side of the property. At 6:50pm, the C.I. entered the residence through a side door with $20 in pre-recorded buy money. Shortly thereafter, Officer Robinson saw a black male exit the sidedoor of the house, wait on the steps beneath that door, and look northbound. Officer Hagins saw a black male in a white t-shirt waiting on the steps at that time. *Id.* at 8-11, 40, 43.

At 6:55pm, Officer Hagins observed a black Pontiac sedan arrive on the block and park in front of 1213 Sydney Street. The man in the white t-shirt left the steps and approached the passenger side of the Pontiac. Defendant was the driver and sole occupant of the Pontiac. Defendant rolled down the window of the Pontiac. Defendant and the man in the white t-shirt engaged in a brief conversation. The man in the white t-shirt then leaned into the car with his upper torso, leaned back from the car, turned around, and walked back into the house at 1213 Sydney Street. Thirty seconds later, Defendant drove away in his Pontiac. Officer Hagins followed the Pontiac while maintaining contact with Officer Robinson. Officer Hagins never lost sight of the Pontiac and testified that no one else approached the vehicle or interacted with Defendant. *Id.* at 40-42.

2

2.    Seizure of Defendant's Vehicle and Contraband

Twenty seconds after Defendant drove off the block, the C.I. exited the side door of 1213 Sydney Street and met with Officer Robinson. Officer Robinson recovered from the C.I. one red plastic packet containing crack cocaine. Upon recovering the packet of crack cocaine, Officer Robinson instructed Officer Hagins, who was still following Defendant in the Pontiac, to stop Defendant's vehicle. Officer Hagins stopped the Pontiac at the 8000 block of Temple Road and arrested Defendant, who was still the sole occupant of the vehicle. Officers recovered $570 and two cell phones from Defendant's person in a search incident to his arrest. Officers also recovered $109 from the front seat of the car, which included the $20 in pre-recorded buy money used by the C.I. earlier that night. *Id.* at 11-12, 36-37, 41.

Following Defendant's arrest, the officers transported the Pontiac to police headquarters and secured it. At approximately 10:30pm, Officer Robinson executed a search and seizure warrant on the Pontiac. During the search, Officer Robinson recovered a WD-40 can with a false screw-off bottom containing $405 and a bulk amount of crack cocaine. Officers also recovered two clear plastic baggies: the first containing white residue and 16 red packets, all of which contained crack cocaine, and the second containing a bulk amount of crack cocaine. *Id.* at 12-15.

3.    Procedural History

On December 15, 2004, Defendant was charged with possession with intent to deliver ("PWID"), possession of a controlled substance, and criminal conspiracy. On January 30, 2007, the Honorable Abram Reynolds denied Defendant's motion to suppress. On November 13, 2007, following a bench trial, Judge Dempsey found Defendant guilty of PWID and criminal

3

conspiracy. On January 3, 2008, Judge Dempsey sentenced Defendant to three to six years of incarceration.[2]

Defendant filed a timely appeal to the Superior Court, which affirmed the judgment of sentence. Defendant's counsel did not raise the denial of his motion to suppress as an error on the direct appeal. Defendant filed a timely PCRA petition, which alleged that appellate counsel was ineffective for failing to raise the denial of the motion to suppress as error on direct appeal. Defendant's counsel filed a Finley letter on October 25, 2013. Defendant filed an amended PCRA petition on November 15, 2013. On December 6, 2013, the post-conviction court dismissed Defendant's petition without an evidentiary hearing.

DISCUSSION

In *Commonwealth v. Cox*, 983 A.2d 666 (Pa. 2009), our Supreme Court set forth the standards governing claims brought pursuant to the PCRA alleging ineffective assistance of counsel:

> Under the PCRA, collateral relief is afforded to individuals who prove that they are innocent of the crimes of which they were convicted, and those receiving illegal sentences. 42 Pa.C.S. § 9542. A petitioner is eligible for PCRA relief only when he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances delineated in 42 Pa.C.S. § 9543(a)(2). *Commonwealth v. Natividad*, 938 A.2d 310, 320 (Pa. 2007). One of the grounds enumerated in 42 Pa.C.S § 9542(a)(2) involves claims alleging ineffective assistance of counsel. Thus, the PCRA provides relief to those individuals whose convictions or sentences 'resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.' 42

---

[2] This opinion assumes Defendant is still serving his sentence. If Defendant is no longer serving his sentence, then this would provide an additional basis to deny relief. *Commonwealth v. Judge*, 797 A.2d 250 (Pa. 2002) (to be eligible for post-conviction relief, a defendant must satisfy the statutory requirements at both the time he files the petition and at the time that relief is due); *Commonwealth v. Williams*, 977 A.2d 1174 (Pa. Super. Ct. 2009) (a petitioner is ineligible for relief under the PCRA as soon as he has completed his sentence, regardless of whether he was serving the sentence when he filed his petition).

4

Pa.C.S. § 9542(a)(2)(ii). [The Supreme Court of Pennsylvania] has interpreted this to mean that, in order to obtain relief on a claim alleging ineffective assistance of counsel, a petitioner must prove: (1) the claim underlying the ineffectiveness claim has arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) counsel's actions resulted in prejudice to petitioner. *Commonwealth v. Collins*, 957 A.2d 237 (Pa. 2008); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). The law presumes that counsel was effective and the burden of proving that this presumption is false rests with the petitioner. *Commonwealth v. Basemore*, 744 A.2d 717, 728, n.10 (Pa. 2000).

*Cox*, 983 A.2d at 677.

The standard of review for an appeal from the denial of PCRA relief is "whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Gorby*, 900 A.2d 346, 363 (Pa. 2006). The PCRA court's factual determinations are entitled to deference, but its legal conclusions are subject to plenary review. *Id.* There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is unnecessary. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. Ct. 2008). In other words, a judge may dismiss a PCRA petition without a hearing if the petition is patently frivolous and without support in the record, or if the facts alleged therein would not, even if proven, entitle the defendant to relief. Pa.R.Crim.P. 907; *Commonwealth v. Walls*, 993 A.2d 289, 295 (Pa. Super. Ct. 2010).

1.     The Post-Conviction Court Properly Dismissed Defendant's Petition Without An Evidentiary Hearing Because Defendant's Claims <u>Were Patently Frivolous And Without Support In The Record</u>

In his PCRA petition, Defendant argues that appellate counsel was ineffective for failing to assert on direct appeal that the suppression court erred when it denied Defendant's motion to suppress. As discussed below, Defendant's claim lacks arguable merit, and his petition is patently frivolous and without support in the record. As a result, the post-conviction court properly dismissed Defendant's PCRA petition without a hearing.

5

a.   The Suppression Court Properly Denied Defendant's
Motion To Suppress Because There Was Probable Cause
To Stop And Search Defendant And His Vehicle

Defendant argues that the suppression court erred in denying his motion to suppress because he and his vehicle were stopped and searched without probable cause. The standard of review in addressing a challenge to the denial of a suppression motion is limited to a determination of whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010). Factual findings of the suppression court are binding on the appellate court if they are supported by the record. *Id.* An appellate court may reverse only if the suppression court's legal conclusions are erroneous. *Id.* Even if the suppression court did err in its legal conclusions, the reviewing court may affirm its decision where there are other legitimate grounds for the admissibility of challenged evidence. *Commonwealth v. Dixon*, 997 A.2d 368, 373 (Pa. Super. Ct. 2010).

Whether probable cause exists to stop and search an individual depends on whether "the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which [an officer] has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Rodriguez*, 585 A.2d 988, 990 (Pa. 1991). Probable cause requires only a probability, and not a prima facie showing, that an officer's belief is correct. *Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009). Courts apply a totality of the circumstances test to determine whether probable cause exists. *Id.* In relation to the observation of drug trafficking on the street, courts have found:

> The time is important; the street location is important; the use of a
> street for commercial transactions is important; the number of such
> transactions is important; the place where the small items were

6

kept by one of the sellers is important; the movements and manners of the parties are important.

*Id.* (citing *Commonwealth v. Lawson,* 309 A.3d 391, 394 (Pa. 1973)).

i.      There Was Probable Cause To Stop And Arrest Defendant

Defendant argues that the suppression court erred in denying his motion to suppress because he was arrested and searched without probable cause. An arrest requires a showing of probable cause. *Commonwealth v. Revere,* 888 A.2d 694 (Pa. 2005). When a lawful arrest is made, it is reasonable for the arresting officer to search the arrestee and to seize any evidence on his person in order to prevent its concealment or destruction. *Commonwealth v. Standen,* 675 A.2d 1273 (Pa. Super. Ct. 1996).

Here, the officers had probable cause to stop and arrest Defendant based on the observed pattern of illegal narcotic sales on December 8, December 9, and December 15, 2004, including, *inter alia,* (1) three confirmed illegal drug transactions from the house at 1213 Sydney Street, and (2) the interactions between a person inside a car and a man from inside the house at 1213 Sydney Street while drugs were being sold from the house. Indeed, Officer Robinson instructed the officers to stop Defendant *only after* he confirmed the C.I. had just successfully bought narcotics from the house. Moreover, there is no dispute that Defendant had—moments before the C.I. emerged with crack cocaine—exchanged something with a person who was exiting and entering a house from which the crack cocaine was sold.

Based on the totality of the circumstances summarized above, the officers had sufficient probable cause to believe that Defendant had criminally conspired to illegally possess and sell narcotics. Thus, the suppression court properly denied this portion of Defendant's motion because there was probable cause to arrest Defendant and to search him pursuant to the lawful arrest.

7

ii.     The Items Recovered From Defendant's Vehicle Were In Plain View

Defendant also argues that the suppression court erred in denying his motion to suppress because the officers recovered items in his vehicle without a search warrant. Police may seize objects without a warrant if the seizure falls under the plain view exception, which has three prongs: (1) the officer must observe the object from a lawful vantage point; (2) the incriminating character of the object must be immediately apparent; and (3) the officer must have a lawful right of access to the object. *Commonwealth v. McCree*, 924 A.2d 621, 625 (Pa. 2007).

Here, the officers could seize the $109 from the front seat of Defendant's car because the plain view exception to the warrant requirement applies. First, the officers observed the money from outside the vehicle, which is a lawful vantage point. Second, the money was immediately apparent to the officer as narcotics-related money due to the illegal drug sale that occurred moments earlier and the interaction between Defendant and a male from the house where the drug transaction occurred. Third, the officers had a lawful right to access the object because they had lawfully stopped Defendant's vehicle. Thus, the suppression court properly denied this portion of Defendant's motion because the $109 recovered from the front seat—including the $20 in pre-recorded buy money—was lawfully seized by the officers pursuant to the plain view exception to the warrant requirement.

iii.     There Was Probable Cause To Search The Console

Finally, Defendant argues that the suppression court erred in denying his motion to suppress because the officers searched and recovered items from the vehicle's console without probable cause. In a recent decision, the Supreme Court of Pennsylvania clarified that police officers may lawfully conduct a warrantless search of a motor vehicle if there is probable cause to do so. *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014). Such a lawful search does not require a showing of exigency beyond the inherent mobility of the vehicle. *Id.*

8

Here, the officers had probable cause to search the console of Defendant's vehicle based upon all of the circumstances described previously, including the surveillances and the pattern of observed sales over three separate days. In addition to these facts, the officers had the additional fact that they recovered pre-recorded buy money from the front seat of Defendant's vehicle. Although the officers waited to search Defendant's vehicle until they actually received a search warrant, under *Commonwealth v. Gary* they did not have to wait. Instead, the search of Defendant's console inside his vehicle was lawful based upon the facts summarized above. Even if a warrant was required, however, the officers waited until they received a search warrant for Defendant's vehicle; the warrant was valid because it was based upon all of the facts summarized above. Therefore, the suppression court properly denied this portion of Defendant's motion.

In sum, the post-conviction court determined that no genuine issues of material fact existed and that an evidentiary hearing was unnecessary to determine if appellate counsel was ineffective by failing to preserve on appeal whether the suppression court erred in denying Defendant's motion to suppress. The post-conviction court relied on the proper standards for ineffectiveness claims regarding motions to suppress, and the record is free of legal error. Therefore, the post-conviction court properly dismissed Defendant's PCRA petition without a hearing.

## CONCLUSION

Based on the foregoing, this court should affirm the post-conviction court's dismissal of Defendant's petition for relief under the PCRA.

BY THE COURT:

DANIEL J. ANDERS, JUDGE
Dated: July 16, 2014

9