IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Moffitt,                          :
                                          :
                    Petitioner            :
                                          :
          v.                              : No. 706 C.D. 2021
                                          : Submitted: April 1, 2022
Pennsylvania Parole Board,                :
                                          :
                    Respondent            :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  February 3, 2023


        Michael Moffitt (Moffitt) petitions for review from an order of the
Pennsylvania Parole Board (Board) that denied his request for administrative review
challenging the calculation of his parole violation maximum date.  Also before us is
a petition to withdraw as counsel filed by Moffitt's court-appointed attorney, Jessica
A. Fiscus, Esquire (Attorney Fiscus), on the ground that Moffitt's appeal is without
merit.  For the reasons that follow, we grant Attorney Fiscus's petition to withdraw
as counsel, and we affirm the Board's order.

# I. Background

In March 2013, Moffitt pleaded guilty to two counts of possession with the intent to deliver, and he was sentenced to an aggregate term of two to four years in prison (C.P. York, No. CP000115 CT1/2012 and CT2/2012). Certified Record (C.R.) at 1. Moffitt also pleaded guilty to one count of persons not to possess, use, manufacture, control, sell, or transfer firearms, and one count of possession of a weapon on school property, and he was sentenced to an aggregate term of four to eight years in prison (C.P. York, No. CP0008828 CT1/2012 and CT16/2012). C.R. at 1. Moffitt was ordered to serve his sentences at both dockets concurrently, for an aggregate sentence of 4 to 8 years in prison. *Id.* Moffitt's original maximum sentence date was March 4, 2020. *Id.* at 2.

On March 6, 2016, the Board released Moffitt on parole. C.R. at 7. On December 8, 2017, the Board recommitted Moffitt as a technical parole violator (TPV) and ordered him to serve six months of backtime due to his failure to comply with all laws. *Id.* at 16. Moffitt was automatically re-paroled on January 3, 2018. *Id.* at 19. On June 1, 2018, the Board issued a warrant to commit and detain Moffitt for parole violations, and took Moffitt into custody. *Id.* at 25, 29. On June 4, 2018, the Board charged Moffitt as a TPV, alleging that he had tested positive for and admitted to cocaine use on May 30, 2018, and admitted that he had contact with a prohibited individual. *Id.* at 26. Moffitt signed a waiver of his revocation hearing and a counsel/admission form relative to the charges. *Id.* at 28. A hearing examiner issued a hearing report determining that Moffitt should remain in a parole violator center (PVC) until completion of programming. *Id.* at 34. On June 4, 2018, the Board adopted the hearing examiner's recommendation and held the violation in abeyance pending completion of recommended programming. *Id.* at 35. The Board

2

cancelled the warrant, and Moffitt was released from the PVC on August 2, 2018. *Id.* at 36-37.

In September and October 2018, the Board imposed several special conditions on Moffitt, including a requirement that Moffitt schedule a drug and alcohol evaluation. C.R. at 38-40. On November 27, 2018, the Board imposed another special condition, which required Moffitt to enter another PVC. *Id.* at 41. That same day, the Board issued a warrant to commit and detain Moffitt for parole violations. *Id.* at 42.

On November 27, 2018, the Board charged Moffitt as a TPV, alleging that he tested positive for and admitted to cocaine use on November 24, 2018. C.R. at 43. Moffitt signed a waiver of revocation hearing and a counsel/admission form relative to the charges, in which he admitted to three technical violations. *Id.* at 45. A hearing examiner issued a hearing report determining that Moffitt should remain in a PVC until completion of programming. *Id.* at 53. On December 21, 2018, the Board adopted the hearing examiner's recommendation. *Id.* at 55. The Board paroled Moffitt on January 26, 2019, and cancelled the warrant. *Id.* at 56-57. On February 6, 2019, the Board imposed a special condition that required Moffitt to schedule a drug and alcohol evaluation. *Id.* at 58. On February 25, 2019, the Board issued a warrant to commit and detain Moffitt for parole violations. *Id.* at 59.

On February 20, 2019, while on parole, Moffitt was charged with burglary, theft by unlawful taking, and criminal mischief stemming from an incident on February 16, 2019, and he was arrested on February 21, 2019. C.R. at 63, 77-81, 138. The York County Court of Common Pleas (sentencing court) set bail at $50,000, which Moffitt did not post. *Id.* at 101. On February 27, 2019, Moffitt was charged with simple assault and strangulation, stemming from an incident on

3

February 17, 2019. *Id.* at 72-75. Moffitt was confined at the York County Prison pending disposition of the new criminal charges. *Id.* at 101.

On March 6, 2019, the Board charged Moffitt as a convicted parole violator (CPV) and requested to detain him as a result of both sets of new charges. C.R. at 60. Moffitt signed a waiver of his detention hearing and to representation by counsel. *Id.* at 62. A hearing examiner issued a hearing report determining that Moffitt should be detained pending the disposition of the new criminal charges. *Id.* at 85. On April 17, 2019, the Board adopted the hearing examiner's recommendation and directed that Moffitt be detained pending resolution of the new criminal charges. *Id.* at 87.

On January 23, 2020, Moffitt pleaded no contest to one count of burglary, and the remaining charges from that incident were *nolle prossed*. C.R. at 102. The sentencing court sentenced Moffitt to 1 year minus 1 day to 2 years minus 2 days of confinement, and gave him credit for 340 days. *Id.* at 102, 105. The sentencing court paroled Moffitt from this sentence on February 23, 2020. *Id.* at 156. Also on January 23, 2020, Moffitt pleaded no contest to one count of simple assault, and the other charge from that incident was *nolle prossed*. *Id.* at 110, 113. The sentencing court sentenced Moffitt to two years' probation on that charge. *Id.*

The Board charged Moffitt as a CPV based on his new convictions. C.R. at 88. Moffitt signed a waiver of his revocation hearing and a counsel/admission form relative to the charges, in which he admitted to the new convictions. *Id.* at 90. A hearing examiner issued a report recommending that Moffitt's parole be revoked based on the new convictions, and that he serve his backtime in a State Correctional Institution (SCI). *Id.* at 120-21. The hearing examiner based this determination on Moffitt's poor adjustment under supervision,

4

his new charges that were both serious and assaultive, his prior parole failure, his failure to comply with sanctions, and the threat that he poses to the community. *Id.* at 122. The hearing examiner recommended that Moffitt not receive credit for the time that he spent at liberty on parole due to his new convictions for burglary and assault while on parole. *Id.* at 118-19. On March 4, 2020, the Board adopted the hearing examiner's recommendation. *Id.* at 123.

By revocation decision dated March 6, 2020, the Board recommitted Moffitt as a CPV to serve 791 days' backtime. C.R. at 160. The Board calculated Moffitt's new maximum sentence date as April 24, 2022. *Id.* The Board did not award credit for time spent at liberty on parole, citing Moffitt's commission of a new offense that was assaultive in nature. *Id.* at 161.

Moffitt, representing himself, requested administrative review of the Board's March 6, 2020 decision on the basis that the Board erred in calculating his time credit. C.R. at 170. On August 7, 2020, the Board issued a decision modifying its prior action of March 6, 2020. *Id.* at 164-65. The Board awarded Moffitt credit for the period of confinement in a PVC between June 1, 2018, and August 2, 2018 (62 days), and between November 27, 2018, and January 26, 2019 (60 days). *Id.* at 162. The Board then calculated that Moffitt had 669 days remaining to serve on his maximum sentence, and the Board recalculated Moffitt's maximum sentence date as December 23, 2021. *Id.* at 162, 164-65. Moffitt sent another administrative review form and additional correspondence to the Board, again challenging the Board's recalculation of his maximum sentence date in the August 7, 2020 decision. *Id.* at 175-76, 177-78, 180, 182, 185, 187.

By a decision dated May 11, 2021, the Board responded to Moffitt's requests for administrative relief. C.R. at 189. The Board indicated that Moffitt

received confinement credit of 122 days in its most recent calculation. *Id.* at 189-90. The Board also indicated that all of the time that Moffitt served at the York County Prison was credited to his county sentence, which had to be served first. *Id.* The Board then affirmed its August 7, 2020 decision. *Id.* at 190.

From the May 11, 2021 decision, Attorney Fiscus filed a petition for review on Moffitt's behalf asserting that the Board miscalculated Moffitt's maximum sentence by failing to award him credit for time that he spent at liberty on parole, or that it offered an insufficient reason to do so. Moffitt also asserted that the Board erred when it failed to award him credit for the time that he served in the York County Prison, and for the time that he was held on the Board's detainer. Shortly thereafter, Attorney Fiscus filed a petition to withdraw as counsel along with a no-merit letter on her belief that Moffitt's appeal is without merit. This matter is now before us for disposition.[1]

## II.    Petition to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court explaining the nature and extent of counsel's diligent review of the case, listing the issues that the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d

---

[1] On January 12, 2022, this Court issued a rule to show cause as to why Moffitt's appeal should not be dismissed as moot because Moffitt had served his maximum sentence as of December 23, 2021, and had been released from custody. Attorney Fiscus filed a timely response, averring that the appeal was not moot because Moffitt still had to serve the balance of his new county sentence through a period of parole and consecutive probation, and that the outcome of his appeal could affect the maximum sentence at the new docket. On February 15, 2022, this Court considered Attorney Fiscus's response and discharged the rule to show cause.

19, 24-26 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).[2] The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might believe to be worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines that the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Attorney Fiscus's no-merit letter satisfies the technical requirements of *Turner*. Attorney Fiscus states that she conducted a thorough review of the record, applicable statutes, regulations, and case law. She sets forth the primary issue that Moffitt raised in his petition for review, that the Board miscalculated his maximum sentence date by not crediting his original sentence with all the confinement time to which he is entitled, including time spent at liberty on

---

[2] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief that: (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes*, 977 A.2d at 25-26. Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Id.*

7

parole. Attorney Fiscus also sets forth the subsidiary issues that Moffitt raised in his administrative appeal. Attorney Fiscus provides a thorough procedural history of the case and a thorough analysis as to why these issues lack merit, and she cites applicable statutes, regulations, case law, and the certified record in support.

Attorney Fiscus explains that the Board properly calculated Moffitt's maximum date. First, the Board has the authority to recommit Moffitt as a CPV when his new convictions were based on a plea of no contest (*nolo contendere*). Section 6137(h)(1) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6137(h)(1), provides that the Board may recommit a parolee for violations of the terms and conditions of his parole. Section 6138(a)(1) of the Parole Code, 61 Pa. C.S. §6138(a)(1), provides that a parolee may be recommitted as a CPV if he pleads guilty or *nolo contendere* to a crime committed while on parole. The Board has the authority to deem Moffitt a CPV even when his new convictions are based on a plea of no contest, according to the plain language of Section 6138(a)(1) of the Parole Code.

Attorney Fiscus further explains that the Board did not err when it awarded Moffitt credit for the time that he served in the York County Prison and applied it to his new county sentence rather than to his original sentence. Section 6138(a)(5)(i) of the Parole Code, 61 Pa. C.S. §6138(a)(5)(i), provides that if a new sentence is imposed on the parolee, the service of the balance of the original term shall precede the new sentence if the individual is paroled from an SCI and the new sentence imposed is to be served in an SCI. However, Section 6138(a)(5)(iii) provides that "in all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed." 61 Pa. C.S. §6138(a)(5)(iii). Further, if a parolee is detained both on a Board detainer and for

8

new charges for which the individual did not satisfy bail requirements, the time spent in custody is to be credited to the sentence imposed for the new charges. *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 761 n.7 (Pa. 2017). Based on the record, Attorney Fiscus explains that Moffitt was arrested on the burglary charges on February 21, 2019, and that he did not post bail. The Board issued a warrant to commit and detain Moffitt on February 25, 2019. Moffitt was sentenced on the new charges on January 23, 2020, at which time the sentencing court awarded Moffitt credit for 340 days on his new sentence. Attorney Fiscus explains that the sentencing court correctly credited the time that Moffitt served from arrest to sentencing to his new sentence rather than to his original sentence because Moffitt did not satisfy bail requirements for his new charges. Attorney Fiscus further explains that Moffitt did not receive credit for the time that he served in jail from sentencing to parole because Moffitt had to serve his county sentence first.

Attorney Fiscus next addresses whether the Board erred when it failed to award Moffitt credit for the time that he spent in two PVCs, totaling 122 days, and she concluded that the issue is essentially moot. Although the Board did not award Moffitt credit for these periods of confinement in its first recommitment order, the Board issued a modified order in which it credited Moffitt with the time that he spent confined in two PVCs, and recalculated Moffitt's maximum sentence date as December 23, 2021.

Attorney Fiscus next addresses whether the Board erred when it denied Moffitt credit for the time that he spent at liberty on parole before he was confined at a PVC, based on the Board's failure to formally revoke his parole as a TPV. The record reflects that the Board held its revocation action in abeyance pending Moffitt's completion of additional programming. Attorney Fiscus avers that the

Court recently rejected a similar argument in *Looney v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 128 C.D. 2021, filed October 4, 2021), *appeal denied*, (Pa., No. 326 WAL 2021, filed March 29, 2022), when we held that a parolee shall be given credit for time served on parole in good standing only if the parolee is recommitted as a TPV.

Attorney Fiscus last addresses whether the Board erred in denying Moffitt credit for all of the time that he spent at liberty on parole because he was recommitted for a "non-violent" offense. Attorney Fiscus cites to Section 6138(a)(2) of the Parole Code, 61 Pa. C.S. §6138(a)(2), which provides that a CPV shall be recommitted to serve the remainder of his original sentence, and except as provided in subsection (2.1), shall not receive credit for time spent at liberty on parole. In relevant part, Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. §6138(a)(2.1), gives the Board discretion to award credit for time spent at liberty on parole unless the crime committed while on parole is a crime of violence as defined in Section 9714(g) of the Sentencing Code, 42 Pa. C.S. §9714(g), or is a crime requiring registration under the Sex Offender Registration and Notification Act. 42 Pa. C.S. §§9799.10-9799.75. When this exception applies, the Board must provide a contemporaneous statement explaining its reasons to deny a CPV credit for the time spent at liberty on parole. *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 475 (Pa. 2017). In this regard, Attorney Fiscus explains that Moffitt's new convictions for burglary and simple assault do not constitute crimes of violence under Section 9714(g) of the Sentencing Code. As such, the Board must offer a contemporaneous reason to explain why it denied credit, as an exercise of its discretion. Attorney Fiscus explains that here, the hearing examiner offered the following reason to deny Moffitt credit, *i.e.*, that he was convicted for burglary and

10

assault while he was on parole. C.R. at 119. The Board adopted the hearing examiner's recommendation and further provided that Moffitt did not receive credit because the new offense "was assaultive in nature." *Id.* at 67-68. Attorney Fiscus also notes that Moffitt overlooks that he was recommitted as a CPV, receiving convictions that are punishable by imprisonment that are governed directly by Section 6138(a) of the Parole Code.

Based on her review, Attorney Fiscus concludes that Moffitt's appeal to this Court is without merit, and she requests permission to withdraw. Attorney Fiscus provided Moffitt with a copy of the no-merit letter and her request to withdraw. Attorney Fiscus advised Moffitt of his right to retain new counsel or proceed by representing himself.[3] Because we are satisfied that Attorney Fiscus has discharged her responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Moffitt's petition for review lacks merit.[4]

### III. Independent Review

Moffitt claims that the Board miscalculated his new parole violation maximum date when it failed to credit his original sentence with all of the confinement time to which he is entitled, including the time that he spent at liberty on parole. First, Moffitt argues that the Board erred when it recommitted him as a CPV based on his convictions by a plea of no contest rather than a guilty plea.

---

[3] Moffitt did not retain new counsel or file a brief in support of his petition to review.

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

11

Section 6137(h)(1) of the Parole Code provides generally that the Board may recommit a parolee for violations of the terms and conditions of his parole. Section 6138(a)(1) of the Parole Code directly provides that a parolee may be recommitted as a CPV if he pleads guilty or *nolo contendere* to a crime committed while on parole. Based on the plain language of Section 6138(a)(1) of the Parole Code, the Board has the authority to deem Moffitt a CPV even when his new convictions are based on a plea of no contest. Therefore, on this issue, we discern no error in the Board's decision.

Moffitt next claims that the Board erred when it awarded him credit for the time that he served in the York County Prison and applied it to his new county sentence rather than to his original sentence. Section 6138(a)(5)(i) of the Parole Code provides that if a new sentence is imposed on the parolee, the service of the balance of the original term shall precede the new sentence if the individual is paroled from an SCI and the new sentence imposed is to be served in an SCI. However, Section 6138(a)(5)(iii) further provides that "in all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed." 61 Pa. C.S. §6138(a)(5)(iii).

Further, it is well settled that "where an offender is incarcerated both on a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or to the original sentence." *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003); *accord Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 n.6 (Pa. 1980); *see Smith*, 171 A.3d at 769 (holding *Martin* and *Gaito* remain the rule in this Commonwealth for how credit is applied). As our Supreme Court held in *Gaito*:

> [I]f a defendant is being held in custody solely because
> of a detainer lodged by the Board and has otherwise met

12

the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

412 A.2d at 571.

On February 21, 2019, Moffitt was arrested on the burglary charges. C.R. at 138. On February 27, 2019, Moffitt was arrested on the assault charges. *Id.* at 72-75. The sentencing court set bail at $50,000, which Moffitt did not post. *Id.* at 101. Moffitt was confined at the York County Prison pending disposition of the new criminal charges. *Id.* at 101. On February 25, 2019, the Board issued a warrant to commit and detain Moffitt. *Id.* at 59. Moffitt was sentenced on the new charges on January 23, 2020, at which time the sentencing court awarded Moffitt credit for 340 days on his new sentence. Because Moffitt did not post bail on the new criminal charges, he was not detained solely on the Board's warrant. This period of detention applies to his new sentence, not to his original sentence. *See Martin.* The Board did not err on this issue.

Moffitt next claims that the Board erred when it failed to award him credit for the time he spent in two PVCs, totaling 122 days. Although the Board did not award Moffitt credit for these periods of confinement in its first recommitment order, the Board issued a modified order dated August 7, 2020, in which it credited Moffitt with the time he spent confined in two PVCs, and recalculated Moffitt's maximum sentence date as December 23, 2021. C.R. at 162, 164-65. Because the Board's modified order credited 122 days to Moffitt's original sentence for the time he spent in two PVCs, the Board did not err on this issue.

13

Moffitt next claims that the Board erred when it denied him credit for the time that he spent at liberty on parole before he was confined at a PVC, based on the Board's failure to formally revoke his parole as a TPV. Moffitt's argument is not supported by the record or by the applicable case law. The record reflects that the Board held its revocation action in abeyance pending Moffitt's completion of additional programming. C.R. at 55. Therefore, Moffitt was not recommitted as a TPV, and he was not entitled to credit for the time that he spent at liberty on parole before he was committed to a PVC. The Court recently considered the same argument and rejected it in *Looney*, slip op. at 10-11.[5] *See also Pittman v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 1075 C.D. 2020, filed August 19, 2021), slip op. at 9 (rejecting the same argument).

Lastly, Moffitt claims that the Board erred when it refused to credit him for all of the time that he spent at liberty on parole when he committed what he describes as a "non-violent" offense. Section 6138 of the Parole Code generally governs parole violations for CPVs. Of particular relevance here, Section 6138(a)(2) of the Parole Code authorizes the Board to reenter CPVs into SCIs to serve the remainder of the term that they would have been required to serve had they not been paroled, except as under subsection (2.1). 61 Pa. C.S. §6138(a)(2). Subsection (2.1) grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence, except when the CPV is recommitted for the reasons stated in subsections 6138(a)(2.1)(i) and (ii). 61 Pa. C.S. §6138(a)(2.1); *Pittman*, 159 A.3d at 473.

---

[5] *See* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

14

In the exercise of this discretion, the Board must conduct an "individual assessment of the facts and circumstances surrounding [a parolee's] parole revocation." *Pittman*, 159 A.3d at 474. Further, the Board must "articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* Although the Board has broad discretion to grant or deny such credit, its decision is subject to appellate review and must be reversed or vacated as an abuse of discretion where the Board has based its denial of credit on an erroneous premise. *Id.* at 474-75 and n.12. Where the Board denies credit for time served at liberty on parole, this time is applied to the original maximum expiration date to create a new maximum date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

Here, Moffitt correctly argues that he was not convicted of a crime of violence, did not commit a crime requiring sex offender registration, and was not subject to a federal removal order. *See* Section 6138(a)(2.1)(i) and (ii). However, Moffitt fails to appreciate that, as a result, the Board had discretion to deny him credit for the time he spent at liberty on parole, provided it articulated a reason for its denial. 61 Pa. C.S. §6138(a)(2.1); *Pittman*. The hearing examiner declined to credit Moffitt with time that he spent at liberty on parole citing Moffitt's convictions for simple assault and burglary for events that occurred while he was on parole. C.R. at 119. The Board approved the hearing officer's decision and emphasized that Moffitt did not receive credit because he committed a new offense "that was assaultive in nature." *Id.* at 67-68. *See Pittman*, 159 A.3d at 475 n.12 ("the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances"). Upon review, we discern no error or abuse of discretion in the Board's denial of street time credit on this basis.

## IV.  Conclusion

Upon review, we agree with Attorney Fiscus that Moffitt's claims are without merit.  Accordingly, we grant Attorney Fiscus's petition to withdraw as counsel, and we affirm the Board's decision denying Moffitt's request for administrative review.


_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Moffitt, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 706 C.D. 2021 |
| | : | |
| Pennsylvania Parole Board, | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 3rd day of February, 2023, the petition to withdraw as counsel filed by Jessica A. Fiscus, Esquire, is GRANTED, and the order of the Pennsylvania Parole Board, dated May 11, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge